**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHIED GOODWIN, | |
| Plaintiff, | Civil Action No. 12-797 (MAS)(LHG) |
| v. | |
| STATE OF NEW JERSEY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff, Rashied Goodwin's Complaint filed February 10, 2012. (Docket Entry Number ("Doc. No.") 1 ("Compl.").) As a preliminary issue, Plaintiff, a state inmate presently confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) (2012) and order the Clerk of the Court to file the Complaint.

The issue before the Court is whether Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A (2012). For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.  **BACKGROUND**

Plaintiff, Rashied Goodwin, brings this civil action, pursuant to 42 U.S.C. § 1983 (2012), against the following defendants: the State of New Jersey; Board of Freeholders for Somerset County; Warden C. O'Neil; Deputy Warden T. Kelly; Somerset County Jail; and the Plainfield Police Department.  (Compl. ¶4.) The following factual allegations are taken from the Complaint, and are accepted as true for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

In or around May 2011, Officer Whitenight, at the Somerset County Jail, told Plaintiff that he was being classified as a Blood affiliate based on information received from the Plainfield Police Department.  (*Id.* ¶6.) Namely, on February 19, 2011, the Plainfield Police Department related to the Somerset County Sheriff's Officers and other authorities that Plaintiff was ascertained to be a member of a gang, specifically a Blood affiliate, on information deriving from an "incident." (*Id.*)

Officer Whitenight then asked to take pictures of Plaintiff's tattoos so that this information could be stored in the computer. (*Id.*) Plaintiff alleges that the information is not true and complains that this action by Defendants puts his life in imminent danger. (*Id.*) He further complains that this information adversely affects his classification. (*Id.*) He seeks $500,000.00 in compensatory damages, and asks that the information stating that he is a Blood affiliate be expunged.  (*Id.* ¶ 7.)

II.  **LEGAL STANDARD AND ANALYSIS**

   A.  *Sua Sponte* **Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (1996), requires a district court to review a complaint in a civil action in

which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *See also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Previously, a *pro se* complaint could be dismissed for failure to state a claim only if it appeared "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Erickson*, 551 U.S. at 93-94 (reviewing whether the complaint therein complied with the pleading requirements of Fed. R. Civ. P. 8(a)(2) in a *pro se* prisoner civil rights complaint).

3

However, in *Ashcroft v. Iqbal*, the Supreme Court revised this standard for summary dismissal of a complaint that fails to state a claim. 556 U.S. 662 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during his detention which, if true, violated his constitutional rights. *Id.* The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] The Supreme Court relied upon its recent opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In *Iqbal*, the Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79 (citation omitted).

---

[1] Fed. R. Civ. P. 8(d)(1) provides that: "[e]ach allegation must be simple, concise, and direct. No technical form is required."

4

The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id.* at 678-79; *see also Twombly*, 505 U.S. at 555, n.3; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Consequently, the Third Circuit observed that *Iqbal* provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in *Conley v. Gibson*, 355 U.S. at 45-46 (1957),[2] that applied to federal complaints before *Twombly*. *Fowler*, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in *Iqbal* when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff

---

[2] In *Conley*, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

5

has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Fowler*, 578 F.3d at 210-211 (citation omitted).

This Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of Plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

### A. <u>Section 1983 Actions</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pa.*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff names the Somerset County Jail as one of the Defendants in this action. However, the Somerset County Jail is not an entity cognizable as a "person" for the purposes of a

§ 1983 suit. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see also Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). Therefore, Plaintiff's claims against the Somerset County Jail are futile and will be dismissed with prejudice.

### C. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *See Ky. v. Graham*, 473 U.S. 159, 169 (1985). A state's Eleventh Amendment immunity is not overridden by 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 339 (1979).

Consequently, the State of New Jersey is immune from suit in this action. As such, this claim is futile and the this claim will be dismissed with prejudice as against the State of New Jersey.

### D. Classification Status Claim

Plaintiff alleges that his constitutional rights are being violated because he has been classified as a Blood affiliate. He claims that this designation is untrue, but admits that the information was communicated to prison authorities by the Plainfield Police Department based on an incident in which it was ascertained that Plaintiff was a Blood affiliate. (Compl. ¶ 6.)

At the time that Plaintiff was told he was classified as a Blood affiliate, it appears that he may have been a pre-trial detainee. Pre-trial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997) (Due Process Clause of the Fourteenth Amendment provides protections for pre-trial detainees similar to those protections afforded to sentenced prisoners); *see also Bell v. Wolfish*, 441 U.S. 520, 544 (1979). The Eighth Amendment sets forth the minimum standard by which claims of denials of pre-trial detainees' rights should be evaluated. *See Bell*, 441 U.S. at 544 ("Pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners.")

In the context of a security classification claim, an inmate does not have a liberty interest in assignment to a particular institution or a particular security classification. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) (the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). *See also Sandin v. Connor*, 515 U.S. 472, 484-86 (1995) (holding that a liberty interest is implicated only

where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"). Furthermore, the placement of prisoners within the prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

Therefore, Plaintiff has failed to state a claim of constitutional violation with respect to this issue, as such this claim will be dismissed with prejudice as futile.

### E. Disciplinary Due Process Claim

To the extent that Plaintiff is alleging that his classification is a punishment in violation of his due process rights, he also fails to state a cognizable claim under § 1983. Pretrial detainees cannot be subjected to harsh conditions or treatments for retributive purposes.[3] In *Bell v. Wolfish*, the Supreme Court found "that [pretrial] detainees, not yet convicted of the crime charged, could not be punished" and as such, "any restrictions on liberty that were reasonably related to government objectives [must] not [be] tantamount to punishment." 441 U.S. 520, 535 (1979). The Third Circuit further elucidated the *Bell* standard and warned that punitive measures taken against pretrial detainees are violative of the Due Process Clause:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. . . . [I]f a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose

---

[3] The liberty interests of pretrial detainees differ from the liberty interests of inmates that have been sentenced. *Fuentes v. Wagner*, 206 F.3d 335, 341-2 (3d Cir. 2000). While a sentenced prisoner has a liberty interest only in remaining free from "restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, the liberty interests of pretrial detainees are subjected to a higher standard of protection. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Hubbard v. Taylor,* 538 F.3d 229, 238 (3d Cir. 2008).

However, the Supreme Court held that "not every disability imposed during a pretrial detention amounts to "punishment" in the constitutional sense." 441 U.S. at 537. "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539.

For instance, the Court further explained that the government has legitimate interests that stem from its need to maintain security and order at a detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. *Id.* at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. *Id.* at 539 n.20, 561-62. *See also Hubbard,* 399 F.3d at 157-60, 164-67; *Fuentes v. Wagner,* 206 F.3d 335, 341–42 (3d Cir.), *cert. denied,* 531 U.S. 821 (2000).

> The Court exhorted, however, that:
>
> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

*Bell,* 441 U.S. at 540 n.23 (citations omitted).

10

In this case, Plaintiff does not allege that he has been subjected to any punishment as a result of his classification. Nor does he allege that any actual harm has been inflicted, or that he has been placed in restrictive segregation or disciplinary detention. Moreover, his classification as a Blood affiliate is not a grossly exaggerated response to police information concerning possible gang status that poses a legitimate security concern for the institution. Thus, the totality of circumstances in this case do not show a serious deprivation or an arbitrary, purposeless, excessive restriction to suggest that Plaintiff's classification as a gang member is an unconstitutional punishment.

Therefore, this Court finds no due process violation and due to futility, this Complaint will be dismissed with prejudice accordingly, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and §1915A(b)(1). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, Plaintiff's Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§1915 (e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2). An appropriate order follows.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/30/12

11